### ELENDER v. BROWNING et al.
### No. 748.

District Court, W. D. Louisiana,
Lake Charles Division.
Sept. 24, 1937.

Pujo, Bell & Hardin, of Lake Charles, La., for complainant.

McCoy, King & Jones, of Lake Charles, La., for respondents.

DAWKINS, District Judge.

Complainant filed this suit in the state court, alleging that he had executed in favor of one Charles W. Potts, whose residence and citizenship was not given, a mineral

lease upon the northeast quarter of the northwest quarter of section 27, township 12 south, range 10 west, the consideration for which was an obligation to drill for oil, gas, and other minerals; that Potts had assigned the lease to Fred Browning "of Fort Worth, Tex."; that Browning had assigned a three-fourth's interest to W. T. Fells (residence and citizenship also not given); and that Fells had assigned a one-half interest to Southern Royalty Corporation; that none of said parties had complied with the obligation to drill and develope said property within the requirements of the lease, notwithstanding they had been called upon to do so·; that Potts· had executed a release of any interest he may have had in the lease "and petitioner is advised that Southern Royalty Company, and W. T. Fells will execute a release"; that petitioner had been advised by D. H. Furse, "a resident of Hunter, Texas, and agent for Fred Browning * * * that he * * * would not have the release executed because of some controversy between him and other parties * * *"; that Furse had attempted to convey ·the interest of Browning to one "J. M. Donald," a resident of Bowie, Tex. Petitioner alleged that the value of the lease "exceeds the sum of $500.-00" and he reserved the right to sue the defendants for damages·in a personal action.

The prayer was for service upon Fred Browning, D. H. Furse, and J. M. Donald, nonresidents of the state, through an attorney or curator, and for judgment "annulling and ·setting aside the lease ·from Porter E. Elender to Charles W. Potts *· * * the assignment from Charles W. Potts to Fred Browning * * * and the assignment from Fred Browning to D. H. Furse, agent, to J. M. Donald * * *," with reservation of plaintiff's right to sue for damages.

All three of the defendants joined in the petition for removal to this court, wherein they alleged that the "matter in dispute * * * exceeds the value of $3,000, exclusive of interest and costs." They averred that they were all citizens of the state of Texas. Thereafter, a joint answer was filed, admitting that plaintiff owned the property in question, but claiming that the lease was still in force and was the property of J. M. Donald. They further admitted that Potts had assigned his interest in the lease to Fred Browning for a consideration of $15,000, to be paid out of a portion of the

oil produced from said property and averred that the "purported assignment from Potts to the Southern Royalty Corporation was in furtherance of a scheme, plot and conspiracy on the part of the Southern Royalty Corporation, Charles A. Richardson, Charles W. Potts, W. T. Fells and Porter Elender, plaintiff herein, to attempt to defraud defendants of their rights under said lease; and to secure cancellation of said lease in order that plaintiff might execute a new oil, gas or mineral lease on said property to said conspirators * * *"; that when plaintiff leased to Potts, he knew the latter was not financially able to drill to the depth which was thought necessary to reach production, and it was understood that Potts would induce some one else to do so; that after considerable negotiations, through friends, Charles Herman and D. H. Furse, as intermediaries, Browning, with the consent of plaintiff, "took over the said lease contract from C. W. Potts * * *"; that before doing so, Elender "·executed in writing an extension agreement," drilling was pursued and other facts and circumstances are set forth to refute the claim of plaintiff that the lease had been forfeited for failure to develop, and to show the alleged conspiracy between the Southern Royalty Corporation, Charles A. Richardson, Charles W. Potts, and the plaintiff, by which they were attempting to deprive defendants of their rights in said lease. They prayed that plaintiff's demands be rejected, for damages in the sum of $40,000, and "that Charles A. Richardson, W. T. Fells and Southern Royalty Corporation be made parties to this suit * * * and * * * there be judgment herein in favor of defendants, canceling and annulling the contract of assignment of said lease to them and adjudging them to have forfeited all of their rights to the lease from Porter Elender to Charles W. Potts and that said lease has reverted and all interest thereto be now owned and held by J. W. Donald, as lessee, and assignee of the rights of the said Fred Browning and Charles W. Potts, original lessee." They further prayed for judgment "in favor of J. M. Donald and against Charles A. Richardson, the Southern Royalty Corporation and W. T. Fells in solido in the sum of $22,500.00," and that their right to sue for further damages be reserved.

Donald filed an amended answer, in which he alleged that Charles A. Richardson was, at the filing of this suit and since,

a citizen of Louisiana; that the Southern Royalty Corporation is likewise a citizen under the laws of this state, and of which Richardson is president and general manager; and that W. T. Fells is and was a resident and citizen of Jefferson county, Tex. Defendant Donald prayed that the "amended answer, cross-bill and interpleader be filed and allowed" and that there be judgment in his favor as prayed for in the original answer.

Plaintiff has moved to remand the case to the state court on the following grounds:

That defendants, having charged a conspiracy between the parties named in their answer, asked a moneyed judgment against plaintiff, Fells, Richardson, and Southern Royalty Corporation, and it appearing that Fells is a resident and citizen of Texas, the same as said defendants, this court is without further jurisdiction, because the controversy is not wholly between citizens of different states.

Counsel for defendants have filed a brief in opposition to the motion to remand, but plaintiff has failed to furnish the court with any authority in support of his position.

■ Defendants have cited and rely upon the case of Moore v. New York Cotton Exchange, 2 Cir., 296 F. 61. That was a case in which the plaintiff charged that the New York Cotton Exchange was a monopoly in restraint of trade in violation of the Federal Anti-Trust Law, 15 U.S.C.A. §§ 1–7, 15 note, with respect to market quotations and information as to cotton. It sought to compel a connection with defendant's ticker system, similar to that which was furnished to others. Defendant denied the charge and filed a counterclaim or demand for damages growing out of the alleged purloining of its quotations through unauthorized means. The main demand was dismissed, and the plaintiff sought to have the cross-bill dismissed because all parties were citizens of New York. The court simply held that, inasmuch as the case had started as a proceeding requiring the interpretation. of a federal statute, which gave jurisdiction, the same was not lost because of a dismissal of the main demand, but the counterclaim could be determined, regardless of the citizenship of the parties. There was no attempt to make other parties defendant to the cross-claim, as here. In the first case cited in Moore v. New York Cotton Exchange, supra (Shields et al. v. Barrow, 17 How. 130, 15 L.Ed. 158), it is pointed out:

"New parties cannot be introduced into a cause by a cross-bill. If the plaintiff desires to make new parties, he amends his bill, and makes them. If the interest of the defendant requires their presence, he takes the objection of nonjoinder, and the complainant is forced to amend, or his bill is dismissed. If, at the hearing, the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross-bill to make new parties, is not only improper and irregular, but wholly unnecessary." Shields et al. v. Barrow, 17 How. 130, at page 144, 145, 15 L.Ed. 158. See, also, Rose's Notes, Vol. 4, p. 875.

■ The case as propounded by complainants in the present instance is one to remove a cloud from the title of real property, and in which he asks for the cancellation of the original lease by him to Potts, the assignment from the latter to Fred Browning, and the assignment of Browning, through his agent, Furse, to Donald. It seems to me that all of the matters averred in the cross-bill can properly be shown as a defense to plaintiff's demand without the addition of other parties, and if found sufficient, relief will be denied, or if it should develope that other parties are indispensable, then the proper course would be to plead nonjoinder and compel the plaintiff to make them parties or have his suit dismissed.

The motion to remand will be denied.

Proper decree should be presented.